UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GROUP CONTRACTORS, LLC** | **CIVIL ACTION NO. 09-693** |
| **VERSUS** | **JUDGE TRIMBLE** |
| **KIZZIAH CONSTRUCTION, INC.** | **MAGISTRATE JUDGE KIRK** |

### MEMORANDUM RULING

Before the court is a motion for transfer of venue[1] filed by defendant Kizziah Construction, Inc. ("Kizziah"). For the reasons expressed herein below, the court finds that this motion should be DENIED.

**I.  BACKGROUND**

The above captioned suit arises out of a subcontract agreement ("contract") executed between the parties for construction services to be rendered by Kizziah as part of the Motiva Enterprises Refinery expansion project ("Motiva project") in Port Arthur, Texas.[2] Plaintiff Group Contractors, LLC ("Group") is the general contractor for the Motiva project and is a Louisiana limited liability company domiciled in East Baton Rouge Parish.[3]

Group claims that Kizziah failed to timely complete the tasks contemplated in the contract executed between them in June of 2008.[4] Specifically, Group alleges that, due to Kizziah's

---

[1] R. 4.

[2] R. 4-1 at pp. 1-2.

[3] R. 1-2 at ¶ 1.

[4] Subcontract agreement [R. 12-3].

1

inadequate manpower at the job site and other breaches the contract, it was fifty-two (52) days late completing the project at Motiva and incurred delay damages and lost profits.[5] In contemplation of these alleged breaches of contract, Group admits that it withheld approximately $143,000 in payments which would otherwise be due Kizziah under the contract.[6] In response to this withholding, Kizziah filed a mechanics lien on the project pursuant to the Texas Property Code. Additionally, Group demanded payment for damages resulting from Kizziah's alleged breach of contract and, when that demand was unanswered, filed suit in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[7]

Kizziah removed the suit to this court based on diversity jurisdiction.[8] Kizziah also asserted a counterclaim against Group for the unpaid balance claimed under the contract and a third party demand against Western Surety Company ("Western") for payment on a lien bond issued by Western related to Kizziah's mechanic's lien.[9] Kizziah now avers that this case should be transferred to the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a).[10] Group opposes transfer based largely on the existence of a forum selection clause in the subcontractor agreement which states:

---

[5] R. 1-2 at ¶¶ 11-15.

[6] Id. at ¶ 18.

[7] Id. at ¶ 22.

[8] R. 1-1.

[9] R. 3.

[10] R. 4.

2

> Subcontractor agrees that any litigation for the enforcement or by virtue of any breach of this Subcontract Agreement, shall be maintained in East Baton Rouge.[11]

We consider Kizziah's motion below.

## II.   APPLICABLE STANDARD

28 U.S.C. § 1404(a) provides that

> for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Interpretation of an unambiguous contract is a matter of law, while ambiguity creates an issue of fact.[12] Fifth Circuit jurisprudence dictates that federal law applies to the question of whether or not a venue selection clause within a contract is enforceable in diversity and federal question cases.[13]

Under federal law, a forum selection clause is presumed valid.[14] The party seeking to set aside the clause must demonstrate that it is unreasonable under the circumstances.[15] A forum selection clause may be found unreasonable when the movant demonstrates

(1)   that it is the product of fraud or overreaching;

---

[11]R. 4-3 at p.5.

[12]Jhaver v. Zapata Off-Shore Co., 903 F.2d 381, 383 at n. 3 (5th Cir. 1990) (citing Southern Natural Gas Co. v. Pursue Energy, 781 F.2d 1079, 1081 (5th Cir. 1986)).

[13]Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972); Alliance Health Group, LLC v. Bridging Health Options, LLC, 553 F.3d 397, 399 (5th Cir. 2008) (citing Braspetro Oil Services Co. v. Modec (USA), 240 Fed. Appx. 612, 615 (5th Cir. 2007) (unpublished) and Haynsworth v. The Corporation, 121 F.3d 956, 962 (5th Cir. 1997)).

[14]Afram Carriers, Inc. v. Moeykens, 145 F.3d 298 (5th Cir. 1998); Mitsui & Co. (USA), Inc. v. Mira M/V, 111 F.3d 33 (5th Cir. 1997)

[15]Kevlin Services, Inc. v. Lexington State Bank, 46 F.3d 13, 15 (5th Cir. 1995).

  (2) that it violates a strong public policy of the forum;
  (3) that enforcement of the clause effectively deprives plaintiff of his day in court; or
  (4) that the fundamental unfairness of the chosen law will deprive plaintiff of a remedy.[16]

In the absence of a valid forum selection clause, a party requesting a transfer of venue must satisfy the statutory requirements of § 1404(a) by demonstrating that the proposed transferee venue is clearly more convenient for the parties and witnesses and serves the interests of justice.

District courts have broad discretion in deciding venue transfer issues, but must consider both public and private interest factors in order to determine whether the movant has carried its burden as to convenience and the interests of justice.[17] The private interest factors are:

  (1) the relative ease of access to sources of proof;
  (2) the availability of compulsory process to secure the attendance of the witnesses;
  (3) the cost of attendance for willing witnesses; and
  (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.[18]

The public interest factors are:

  (1) the administrative difficulties flowing from court congestion;
  (2) the local interest in having localized interests decided at home;
  (3) the familiarity with the forum of the law that will govern the case; and

---

[16] Haynsworth, 121 F.3d at 963 (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991));

[17] In re Volkswagen of America, Inc., 545 F.3d 304, 311 (5th Cir. 2008) (internal citations omitted); Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947).

[18] Id. at 315 (quoting In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n. 6 (1981)).

> (4)     the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.[19]

These factors, though certainly instructive, are not exhaustive or exclusive and no one factor on its own is determinative.[20]

## III.   ANALYSIS

Kizziah's motion glosses over the venue selection clause found in the contract, arguing primarily for transfer based on the public and private interest factors listed above, largely neglecting the four (4) primary inquiries we are required to make in light of the federal presumption of validity and enforcement. First, Kizziah does not assert fraud or overreaching, nor does it plead facts in support thereof. Thus, we find Kizziah has not demonstrated unreasonableness under the first factor.

We similarly find that Kizziah fails to demonstrate that the forum (Louisiana) has a strong public policy which would be violated by operation of the venue selection clause. Kizziah does not make this argument, nor could it, given that Louisiana's obvious interest in regulating contracts formed within its borders will, in fact, be best served by operation of the venue selection clause. Our review of the contract at issue reveals that it was formed in Louisiana by affixing of the second requireD signature on June 10, 2008, seven (7) days after the first required signature was affixed.[21]

Next, we address whether or not Kizziah has demonstrated that application of the clause at issue would effectively deprive it of its day in court due to grave inconvenience or unfairness of the

---

[19] Id.

[20] In re Volkswagen, 545 F.3d at 315 (citing Action Indus., Inc. v. U.S. Fid. & Guar. Corp., 358 F.3d 337, 340 (5th Cir. 2004).

[21] R. 4-3 at p. 6.

selected forum.[22] While Kizziah does not expressly make such an argument, it does point to the convenience of the parties and willing witnesses, as well as the availability of compulsory process for other witnesses. Specifically Kizziah avers that, because this dispute concerns construction at the Motiva plant in Port Arthur, Texas, it is likely that witnesses will include Motiva employees, paint and electrical contractors, as well as building and construction inspectors located in and around Beaumont and Port Arthur, any of which may not be subject to this court's subpoena power under Fed. R. Civ. P. 45(b)(2).[23]

Our review of Kizziah's brief and supporting exhibits leads us to reject its argument based on personal jurisdiction. Kizziah does not explain what testimony it expects to need from its paint or electrical contractor or any inspectors located in Texas. Moreover, Kizziah does not argue that any such testimony could not be obtained by use of this court's deposition subpoena power or that presentation of testimony by video would deprive it of access to these proofs in the defense of claims against it by Group. Given the federal presumption in favor of the validity of venue selection clauses in contracts among parties and the necessarily heavy burden of proof which must be borne by a party challenging such a clause, we find that Kizziah fails to demonstrate that enforcement of the clause at issue would be unreasonable due to grave inconvenience or effective denial of its day in court.

Kizziah does not assert that the law chosen would deprive it of any remedy and, thus, we find that Kizziah has not demonstrated unreasonableness under any of the four factors listed above.

---

[22] Calix-Chacon v. Global Intern. Marine, Inc., 493 F.3d 507 (5th Cir. 2007) (citing Haynsworth, 121 F.3d at 963).

[23] R. 4-1 at p. 9 citing affidavit of Thomas Kizziah [Exhibit D to motion].

We also reject Kizziah's argument that the phrasing "East Baton Rouge" in the contract, leaving out the word "Parish" is ambiguous. We are bound to construe the phrase at issue in the manner which renders it meaningful.[24] East Baton Rouge is a parish within the state of Louisiana, while the eastern portion of Baton Rouge is not an established locale, negating any argument that this phrase is susceptible of more than one legitimate meaning.[25] Furthermore, it is common for this court as well as other entities to state the location as "the Parish of East Baton Rouge." In this way, we do not find the absence of the word "parish" renders the phrase ambiguous. Similarly, we find that the venue selection clause at issue is exclusive in that it dictates that venue "shall" be maintained in East Baton Rouge, rather than employing the permissive word "may."[26]

For the foregoing reasons, the court finds that defendant Kizziah fails to demonstrate that the venue selection clause included in the contract negotiated between the parties is invalid or unenforceable because of unreasonableness under the circumstances of this case. We further find that the venue selection clause is unambiguous and exclusive. Accordingly, we conclude that Kizziah's motion for transfer of venue must be denied.

The court will issue an order in conformity with these findings.

Alexandria, Louisiana
April 1, 2010

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[24] La. Civ. C. Art. 2049.

[25] In re Liljeberg Enters., Inc., 304 F.3d 410, 440 (5th Cir. 2002).

[26] Causeway Medical Suite v. Ieyoub, 109 F.3d 1096, 1108 (5th Cir. 1997) (citing Sumrall v. Luhr Bros., 665 So.2d 425, 800 (La. 1996)).